IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ASCENSION DATA & ANALYTICS, LLC, ROCKTOP PARTNERS, LLC, AND ROCKTOP HOLDINGS II, LLC<br><br>Petitioners,<br><br>v.<br><br>PAIRPREP, INC. d/b/a OPTICSML,<br><br>Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br><br>Civil Action No. 3:23-CV-00552-N |

## MEMORANDUM OPINION & ORDER

This Order addresses Petitioners' motion for preliminary injunction [51]. Because this Court lacks subject matter jurisdiction over Petitioners' petition, the Court dismisses the action without prejudice and denies all pending motions as moot.

### I. ORIGINS OF THE MOTION

Petitioner, Ascension Data & Analytics, LLC ("Ascension"), initiated arbitration proceedings against Respondent, Pairprep, Inc. d/b/a OPTICSML ("Pairprep") to recover remediation costs for an alleged data breach. Pairprep subsequently asserted claims against Ascension and Rocktop Partners, LLC, Rocktop Holdings II, LLC, and Rocktop Technologies (collectively "Petitioners") under the Defend Trade Secrets Act, 18 U.S.C. § 1836, in federal district court in the Eastern District of Texas. *Pairprep, Inc. d/b/a OpticsML v. Ascension Data & Analytics, LLC*, No. 2:21-CV-00057-JRG. That Court compelled arbitration pursuant to the parties' arbitration agreement. Third. Am. Pet. ¶ 17

[25]. Pairprep asserted similar trade secret misappropriation claims as counterclaims in the arbitration proceedings. Third. Am. Pet. ¶ 18.

Pairprep unsuccessfully sought to join third parties, Altada Technology Solutions Ltd. and Altada U.S., Inc (collectively "Altada"), in the arbitration, alleging that Altada acted in concert with Petitioners in misappropriating its trade secrets. Pet. Mot. Prelim. Inj. ¶¶ 7-8 [51]. Subsequently, Pairprep filed Defend Trade Secret Act claims against Altada in federal district court in the Eastern District of Texas. Third. Am. Pet. ¶ 19, *Pairprep, Inc. d/b/a OpticsML v. Altada Technology Sols., Ltd.*, No. 2:22-CV-00251-JRG. Pairprep later dismissed its claims against Altada with prejudice, and a judgment reflecting the dismissal was entered. *Id.* ¶ 20; Civil Action No. 2:22-CV-00251-JRG [13]. In the arbitration proceeding, Petitioners raised defenses of res judicata and release based on Pairprep's dismissal of all claims against Altada. *Id.* ¶ 20, Resp. Brief Supp. Mot. For Sanctions at 16. The arbitration panel rejected all of Petitioners' defenses, including res judicata, and granted Pairprep a monetary award. Pet. Mot. Prelim. Inj. ¶ 8 [51], Resp. Brief Supp. Mot. for Sanctions at 16.

Petitioners filed a petition to vacate the arbitration award, including a request for declaratory judgment that res judicata bars Pairprep's arbitration claims. Third. Am. Pet. Pairprep filed a state court action to confirm the arbitral award. Pet. Mot. For Prelim. Inj. Ex. A ¶¶1-2. Petitioners now seek a preliminary injunction enjoining the state court proceeding.

ORDER – PAGE 2

## II. SUBJECT MATTER JURISDICTION STANDARD

A "federal court may not rule on the merits of a case without first determining its jurisdiction." *Daves v. Dallas Cnty.*, 64 F.4th 616, 623 (5th Cir. 2023) (en banc). Indeed, courts are "duty-bound to examine the basis of subject matter jurisdiction sua sponte," regardless of what has been raised by the parties. *Probasco v. Wal-Mart Stores Tex., LLC*, 2017 WL 11717523, at *2 (W.D. Tex. 2017) (quoting *Lane v. Halliburton*, 529 F.3d 548, 565 (5th Cir. 2008)), *rev'd on other grounds*, 766 F. App'x 34 (5th Cir. 2019). Federal court subject matter jurisdiction is circumscribed by Article III and requires both constitutional and statutory authorization. U.S. Const. art. III, § 2; *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). A court properly dismisses a case where it lacks the constitutional or statutory power to decide it. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

## III. THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER PETITIONERS' CLAIMS

Petitioners proffer several theories of subject matter jurisdiction over this dispute. Petitioners assert that this Court has federal question jurisdiction to determine the preclusive effect of the judgment dismissing with prejudice Pairprep's claims against Altada. Third. Am. Pet. ¶ 6. On that basis, they contend that supplemental jurisdiction exists over their motions for declaratory judgment and to vacate the arbitration award because they are part of the same case or controversy as the Altada suit. *Id.* ¶ 7, 42-43. Alternatively, Petitioners assert federal question jurisdiction exists to review their motions because the arbitration proceeding originated from federal DTSA claims Pairprep filed

against Petitioners in federal court. *Id*. ¶ 7. On either basis, Petitioners argue this Court has jurisdiction to enjoin the pending state court proceeding under the Relitigation Exception to the Anti-Injunction Act or the All-Writs Act. *Id.* ¶ 6. The Court disagrees.

### A. *Badgerow v. Walters* Precludes Jurisdiction Over This Matter

Petitioners assert that federal question jurisdiction exists to review the arbitration award because: (1) this Court has jurisdiction to determine the preclusive effect of the intervening Altada judgment, involving the same federal trade secret claims as the arbitration at issue; or (2) the arbitration at issue originated from the Defend Trade Secret Act claims Pairprep brought against Petitioners in federal court. The Supreme Court's decision in *Badgerow v. Walters*, 142 S. Ct. 1310 (2022), precludes federal subject matter jurisdiction on either basis.

Although the Federal Arbitration Act ("FAA") permits parties to file applications to vacate arbitration awards in federal court under sections 9 and 10, these provisions do not themselves confer subject matter jurisdiction. *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 532 U.S. 576, 581-82 (2008). The Supreme Court in *Hall* made clear that there must be an "independent jurisdictional basis," apart from the FAA, for a federal court to entertain applications to confirm or vacate an arbitration award. *Hall St. Assocs.,* 532 U.S. at 582. In *Badgerow*, the Supreme Court held that, in determining whether an "independent jurisdictional basis" exists to review requests to vacate arbitration awards under FAA sections 9 and 10, federal courts may not "look through" the application to the underlying substantive controversy to find a basis for federal jurisdiction. *Badgerow*, 142 S. Ct. at 1314. Instead, there must be a basis for federal subject matter jurisdiction other than the

ORDER – PAGE 4

FAA on the face of the application to enable the Court to hear the dispute. *Id.* at 1316-17. There is no independent jurisdictional basis to review the arbitral award in this case. No diversity jurisdiction is alleged, and no federal question independent of the FAA exists on the face of the application. To find jurisdiction over the petition to vacate based on the DTSA claims or the res judicata defense raised in the underlying arbitration would require applying the "look through" method proscribed in *Badgerow*.

### B. This Court Has No Authority to Review the Arbitration Panel's Rejection of the Res Judicata Defense

In the alternative to considering its petition to vacate the arbitration award under the FAA, Ascension argues this Court has subject matter jurisdiction to consider its motion for declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201. Petitioners contend that there is federal question jurisdiction to determine the preclusive effect of a federal judgment, and that because Petitioners registered the Altada judgment in this district pursuant to 28 U.S.C. § 1963, this Court may issue a judgment declaring that res judicata barred Pairprep's arbitration claims. The Court disagrees.

The Declaratory Judgment Act "does not of itself confer jurisdiction on the federal courts." *Ariyan, Inc. v. Sewerage & Water Bd. of New Orleans*, 29 F.4th 226, 232 (5th Cir.), cert. denied, 143 S. Ct. 353 (2022) (quoting *Jolly v. United States*, 488 F.2d 35, 36 (5th Cir. 1974)); *see also Budget Prepay, Inc. v. AT&T Corp.*, 605 F.3d 273, 278 (5th Cir. 2010). There must be an independent basis of federal subject matter jurisdiction to hear a claim for declaratory relief. *Budget Prepay, Inc.*, 605 F.3d at 278. There is no independent

basis to exercise federal question jurisdiction over Petitioners' request for a declaratory judgment.

Although the preclusive effect of a federal judgment is governed by federal common law, *Taylor v Sturgell*, 553 U.S. 880, 891 (2008) (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 507–8 (2001)), to find jurisdiction to determine the claim preclusive effect of the Altada judgment on Pairprep's arbitration claims would require this Court to look to the substance of the underlying dispute decided by the arbitration panel. As noted above, *Badgerow* precludes this Court from "looking through" the instant application to the substance of the arbitration to find federal question jurisdiction. *Badgerow*, 142 S. Ct. at 1314. Accordingly, there is no subject matter jurisdiction to consider Ascension's motion for declaratory judgment.

Because there is no jurisdictional basis to hear Petitioners' motions to vacate the arbitral award or for declaratory relief, this Court likewise lacks jurisdiction to enjoin the pending state court proceedings under the Anti-Injunction Act, 28 U.S.C. § 2283, or the All Writs Act, 28, U.S.C § 1651. Nor do these provisions independently confer jurisdiction to hear Petitioners' claims for declaratory or injunctive relief. Accordingly, the Court dismisses this case for lack of subject matter jurisdiction.

## CONCLUSION

For the reasons stated, the Court lacks subject matter jurisdiction over this dispute. Accordingly, this case is dismissed without prejudice for lack of subject matter jurisdiction. As a result, Ascension's motion for preliminary injunction [51], Ascension's motion for

leave to file amended pleadings [38], and Pairprep's motion for sanctions [42] are denied as moot.

Signed September 11, 2023.

_____
David C. Godbey
Chief United States District Judge

ORDER – PAGE 7